**STATE of Alaska, Petitioner,**

v.

**Gwen CONWAY, Respondent.**

**No. A–749.**

Court of Appeals of Alaska.

Dec. 27, 1985.

Julie A. Carey, Asst. Atty. Gen., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for petitioner.

Sen K. Tan, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for respondent.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Gwen J. Conway was charged by a grand jury with two counts of third-degree misconduct involving a controlled substance (cocaine) and one count of fourth-degree misconduct involving a controlled substance (cocaine), AS 11.71.030(a)(1); AS 11.-71.040(a)(3). He filed a motion to suppress evidence seized pursuant to a search warrant for his home, on the grounds that the affidavit in support of the warrant did not establish probable cause that evidence of drug distribution would be found there. Superior Court Judge Ralph E. Moody granted Conway's motion. The state petitioned for review pursuant to Appellate Rule 402. We granted review and have considered the briefs and arguments of the parties. We reverse and remand for trial.

On July 18, 1984, a Reeve Airline employee reported to the Alaska State Troopers Airport Detail that she had received a suspicious package which she had opened and found to contain drug paraphernalia but no drugs. The package was addressed to Gwen Conway, St. Paul Island, Alaska; the return address was in Anchorage. The package was allowed to proceed by normal procedure, and the local St. Paul law enforcement officer told Trooper Storey that he "believed" the person who picked up the package was a black male.

On August 28th, the same Reeve Airline employee reported that she had opened another suspicious package, this one addressed to Marffa and Costa Emanoff on St. Paul Island. She had found it to contain a tool set in a metal box and two packets of what appeared to be marijuana and three packets of white powder. The package was wrapped in brown paper from a grocery bag, and its total weight was two pounds. It did not have a return address written on it, but the airbill accompanying the package said that it was shipped by Gwen Conway, 3124 Richmond #6, Anchorage, Alaska. The phone number given on the airbill was 272–5801. Alaska State Trooper Sergeant Dally seized the substances and they tested positively for cocaine and marijuana. He entered Conway's name into the Alaska Public Safety Information Network and found him to be a black male adult with a Price Street address. Further investigation showed that the phone number on the airbill was listed to Joseph Conway at the Richmond Avenue address. The officers also discovered the same phone number had earlier been assigned to G.J. Conway at the Price Street address, but the number had been reassigned to the Richmond Avenue address in 1984. The troopers also showed the Reeve Airline employee a photo lineup of drivers' license pictures from which she identified respondent Gwen Conway as the shipper of the package. Troopers Dally and Storey then drove by the Richmond Avenue address.

From this information, Trooper Storey concluded in his affidavit presented in support of a search warrant:

It is your affiant's experience during his approximately thirty [30] months involvement in drug investigations that individuals involved in the use, selling, buying, or distributing of quantities of controlled substances on one occasion have generally been involved in the use, illegal sale, or distribution of those controlled substances on other occasions. Additionally, it has been your affiant's experience that many of the items, records, and substances necessary to be involved in the distribution of controlled substances are often kept at the residences of those involved in this type of activity.

District Court Judge Glen C. Anderson issued the requested warrant to search the Richmond Avenue address for cocaine and drug paraphernalia. The search was conducted and turned up evidence that led to Conway's grand jury indictment, specifically, two bags of cocaine and cocaine paraphernalia in an open drawer. The officers also discovered a Reeve Airline ticket in Conway's name in the living room. Judge Moody considered the affidavit and concluded that probable cause was not sufficiently established to warrant the issuance of a search warrant for Conway's residence. In opposing the appeal, Conway does not argue that the affidavit did not establish probable cause to believe that he had engaged in criminal activity by mailing drugs. His only argument, found persuasive by the trial court, concerns whether the affidavit established probable cause to search his apartment.

■ Where a magistrate issues a search warrant, we must give great deference to his decision and must resolve doubtful or marginal cases by upholding the warrant. *Metler v. State,* 581 P.2d 669, 673 (Alaska 1978); *Rosa v. State,* 633 P.2d 1027, 1029 (Alaska App.1981). This is so despite any

contrary trial court decision on a motion to suppress. In reviewing search warrants issued by magistrates, the trial court performs a reviewing function essentially identical to ours. Consequently, Conway is in error when he contends (1) that Judge Moody's determination should be evaluated under the "clearly erroneous" standard; and, (2) because he has prevailed in the trial court the evidence must be viewed in the light most favorable to him. *See United States v. Freeman,* 685 F.2d 942 (5th Cir.1982). Viewing the evidence in the light most favorable to the state, the party that prevailed before the magistrate, we conclude that a sufficient nexus was established to warrant the issuance of a warrant to search Conway's home.

■ In reaching this conclusion, we are guided by our supreme court's discussion in *Metler,* where the court held that in the absence of any eye witnesses who saw the items sought in the place to be searched, a nexus can be established based on other factors, including (1) the type of crime involved; (2) the nature of the items sought; (3) the extent of the suspect's opportunity to conceal the items; and, (4) normal inferences as to where a criminal would likely hide the items sought. *Metler,* 581 P.2d at 672. A person engaged in drug trafficking necessarily needs a private place in which to secrete his supply and the implements of his business. Where he intends to mail paraphernalia or contraband, he will also need a safe, private place to prepare his packages free from casual observers. Conway's personal residence was the most obvious location that would provide him that necessary privacy. It is instructive that Conway designated 3124 Richmond Avenue as the address to which the August 28th package should be returned if there were any difficulties in effecting its delivery.[1] Under the circumstances, the magistrate was not clearly erroneous in issuing a warrant and the trial court erred in invalidating that warrant.

---

1. This evidence provides a nexus between Conway's drug activity and his principal residence. We do not mean to suggest that probable cause that a person is dealing in drugs standing alone is always sufficient to establish probable cause to search his principal residence.

The judgment of the superior court is REVERSED and this case REMANDED for trial.