STATE of Alaska, Appellant,

v.

David CHAPMAN, Appellee.

No. A–3037.

Court of Appeals of Alaska.

Dec. 8, 1989.

J. Ron Sutcliffe, Asst. Dist. Atty., James L. Hanley, Dist. Atty., Kenai, and Douglas B. Baily, Atty. Gen., Juneau, for appellant.

Robert J. Molloy, Kenai, and Brant McGee, Public Advocate, Anchorage, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

COATS, Judge.

David Chapman was indicted for misconduct involving a controlled substance in the fourth degree in violation of AS 11.71.040, following a search of his residence pursuant to a warrant issued by Magistrate Brigitte McBride. The warrant authorized a search for evidence of the crime of misconduct involving a controlled substance in the third degree, AS 11.71.030. It also authorized a search for a soldering gun or iron as evidence of assault in the fourth degree, AS 11.41.230. Superior Court Judge Charles K. Cranston granted Chapman's motion to suppress all of the evidence seized as a result of the execution of that warrant. The state petitioned for review. We granted review and now reverse.

 In evaluating a search warrant we view the evidence in the light most favorable to upholding the warrant and will only invalidate the warrant if the magistrate abused her discretion. *State v. Bianchi*, 761 P.2d 127, 129–30 (Alaska App. 1988). Doubtful or marginal cases are resolved in favor of the warrant, *id.*, and the evidence presented to the magistrate must be considered "in a reasonable and common sense manner." *Linne v. State*, 674 P.2d 1345, 1355 (Alaska App.1983). *See Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983). There must be "reliable information ... in sufficient detail to persuade a reasonably prudent person that criminal activity or evidence of criminal activity will be found in the place to be searched" for the warrant to issue. *Williams v. State*, 737 P.2d 360, 362 (Alaska App.1987).

 In this case, the magistrate was presented with the testimony of two witnesses. The first witness was Nancy Wright, Chapman's mother-in-law. Wright stayed at the defendant's residence from December 8 until December 12, 1988. Wright testified that about fifty people came through Chapman's apartment after the sun went down each of the four nights she was there. Each person would go to Chapman's upstairs bedroom, which was normally locked and off-limits, and leave after about five minutes. Wright testified that she had observed a similar traffic pattern six years previously in Oregon when she visited another daughter. She testified that the daughter was selling marijuana and had sold some marijuana in her presence. Wright testified that she called the police and turned that daughter in for selling marijuana. She testified about how extremely protective Chapman was about not having anyone enter his bedroom. Wright described a trunk in the closet in the bedroom that her daughter was extremely protective of which the daughter explained contained "David's experiments."

Wright also testified that the Chapmans' three young children did not appear to be well cared for and that she believed her daughter, who was acting strangely, to be under the influence of drugs. Wright indicated that Chapman was angry that she was staying at the residence and virtually never spoke to her. Wright also testified that she had detected the use of marijuana in the apartment on two occasions. Chapman's two- and three-year-old children later visited Wright at her home. She testified that the children had burn marks on their bodies and that the children indicated that they had been burned by a soldering gun belonging to Chapman. Additionally, there was a white powdery substance on the children's faces which the eldest identified as "David's paint." The child told Wright that it came from a clear plastic sandwich bag.

The second witness was Officer David M. Hoffman of the Kenai Police Department. Hoffman testified with regard to six anonymous tips from different callers between September and December 1988. Each call indicated that drug activity was occurring in the vicinity of Chapman's residences, the Spur Motel where Chapman lived until mid-October, and the Redoubt Townhouses, where he was living when the warrant was executed. Four of the calls identified Chapman's apartment or room number, and

a call on September 1 identified Chapman by his first name and described his automobile. Callers on October 25 and December 15 reported heavy traffic at Chapman's residence at the Redoubt Townhouses. Hoffman also testified that an undercover police informant attempted to make a cocaine buy at Chapman's room at the Spur Motel on September 23 and was told that there was no cocaine available but to come back later.

We find that Magistrate McBride was entitled to give credence to Wright's testimony. Wright appeared personally, and the magistrate had an opportunity to observe her demeanor.[1] Wright's status as a citizen and concerned grandmother presumably was considered by the magistrate, as well as the fact that she may have had other personal motives to testify, such as concern for her grandchildren's well-being or dislike of her son-in-law. *See Hodsdon v. State*, 698 P.2d 1224, 1229 (Alaska App. 1985).

We find that Magistrate McBride could reasonably have concluded that evidence of misconduct involving a controlled substance and assault could be found in Chapman's apartment. Wright provided information that heavy traffic occurred at Chapman's residence in the evenings, a pattern consistent with drug dealing. Moreover, this evidence was corroborated by other reports received by the Kenai Police Department.[2] Wright testified that the room into which the evening visitors were admitted was normally locked and off-limits to everyone except for Chapman. Finally, her grandchildren described a white powdery substance in plastic baggies that belonged to their father, and Wright observed physical evidence of the substance on the children's faces. The children also described a soldering gun, and Wright observed burn marks.[3]

We find that Magistrate McBride did not abuse her discretion in finding probable cause to issue the search warrant which resulted in Chapman's indictment. Accordingly, Judge Cranston's order granting Chapman's motion to suppress is REVERSED. The case is REMANDED.

---

1. Since Wright appeared personally and under oath, the *Aguilar/Spinelli* analysis is inapplicable to her testimony. *Hodsdon v. State*, 698 P.2d 1224, 1226–27 (Alaska App.1985); *Bell v. State*, 668 P.2d 829, 836 (Alaska App.1983).

2. Even though the anonymous tips alone might not establish probable cause, the magistrate was certainly entitled to consider them as corroborating Wright's testimony. *See State v. Jones*, 706 P.2d 317, 325 (Alaska 1985).

3. Chapman contends that the state did not include the assault grounds for issuing the warrant in its petition for review. Since we find that the magistrate could have found probable cause for misconduct involving a controlled substance, we need not decide this issue.