**Michael A. McCLELLAND, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–5986.

Court of Appeals of Alaska.

Dec. 6, 1996.

Eugene B. Cyrus, Chugiak, for Appellant.

Kenneth M. Rosenstein, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

*OPINION*

COATS, Judge.

Michael A. McClelland was convicted, based upon his plea of no contest, of misconduct involving a controlled substance in the fourth degree (possession of more than one pound of marijuana), a class C felony. AS 11.71.040(a)(3)(F). Superior Court Judge Beverly W. Cutler sentenced McClelland, a second felony offender for purposes of pre-

sumptive sentencing, to a mitigated presumptive sentence of two years with one year suspended. Judge Cutler placed McClelland on probation for a period of three years following his incarceration. In entering his no contest plea, McClelland reserved his right to appeal Judge Cutler's denial of his motion to suppress. *See Cooksey v. State,* 524 P.2d 1251 (Alaska 1974). McClelland appeals to this court. We affirm.

McClelland contends that Judge Cutler erred by denying his motion to suppress. In McClelland's motion to suppress, he argued that Magistrate David L. Zwink erred in issuing a search warrant authorizing the police to search McClelland's residence for marijuana plants and other evidence related to a suspected marijuana-growing operation. McClelland argues that the state did not present sufficient information to Magistrate Zwink to establish probable cause to issue the warrant.

■ This court may reverse a magistrate's decision to issue a search warrant only if the decision was an abuse of discretion. *State v. Bianchi,* 761 P.2d 127, 129–30 (Alaska App.1988). The magistrate's findings are entitled to great deference, and must be upheld in doubtful or marginal cases. *State v. Conway,* 711 P.2d 555, 557 (Alaska App.1985). In determining the validity of the warrant, this court may only consider information brought to the magistrate's attention, *State v. Jones,* 706 P.2d 317, 326 (Alaska 1985), and must consider this information in a reasonable and common-sense manner. *State v. Chapman,* 783 P.2d 771, 772 (Alaska App.1989).

■ In determining whether there is probable cause to issue a search warrant, the magistrate need not determine whether the items to be searched for are in fact located at the premises to be searched, but only whether there is a reasonable ground to believe they are there. *Metler v. State,* 581 P.2d 669, 672 (Alaska 1978); *Van Buren v. State,* 823 P.2d 1258, 1262 (Alaska App.1992). "Probable cause to issue a search warrant exists when 'reliable information is set forth in sufficient detail to warrant a reasonably prudent [person] in believing that a crime has been or was being committed.'" *Id.* at

1261; *Badoino v. State,* 785 P.2d 39, 41 (Alaska App.1990).

■ Therefore, to determine whether the state presented sufficient probable cause to authorize Magistrate Zwink to issue a search warrant, we review the evidence which the state presented at the search warrant proceeding. Alaska State Troopers Neil Bleicher and Jeanine Santora testified at that proceeding. The troopers testified that on June 30, 1994, they went to the residence of Michael McClelland. They knocked on the door of the residence, and a person who identified herself as Ingrid Jones answered the door. Jones told the troopers that she was Michael McClelland's girlfriend. The troopers both testified that while they talked to Jones at the door of the residence, they smelled the odor of growing marijuana. Both troopers testified that growing marijuana has a distinctive odor and that they were familiar with that smell. Trooper Bleicher testified that he had smelled growing marijuana previously on numerous occasions. He testified that growing marijuana has a particular, unique smell and that the odor which he smelled at McClelland's residence was consistent with what he had smelled on previous occasions when he had encountered growing marijuana. The troopers indicated that Jones did not consent to allow them to search McClelland's residence. Jones stated that, as a guest, she did not think she should authorize a search. However, when the police asked to search Jones' vehicle, Jones handed the police a small bag of marijuana and a marijuana pipe from her vehicle.

The troopers also told Magistrate Zwink that they had talked to an employee of the Matanuska Electric Association, John Bogue. According to the troopers, Bogue told them that McClelland's electrical use at his residence was "high and suspicious." The troopers testified that Jones told them that McClelland's residence was also heated by natural gas.

At the conclusion of the search warrant proceeding, Magistrate Zwink concluded that the state had established probable cause to issue a search warrant. In so finding, Magistrate Zwink emphasized that two experi-

enced officers, who were familiar with the smell of growing marijuana from their professional experience, had detected the smell of growing marijuana at McClelland's residence. The magistrate stated that he was familiar with Matanuska Electric Association employee John Bogue, who had testified before the court more than a dozen times. He found that Bogue's estimates of electrical usage were credible, and Bogue's conclusion that McClelland's electrical usage was "high and suspicious" corroborated the officers' testimony that they had smelled growing marijuana at McClelland's residence. He concluded that there was probable cause to believe that McClelland was growing marijuana at his residence and issued the search warrant.

McClelland contends that "the sole incriminating fact to [sic] used for probable cause is the testimony of the two troopers that they smelled growing marijuana." McClelland relies on *State v. Olson*, 180 Mont. 151, 589 P.2d 663 (1979), where the court stated that "the odor of burning marijuana, does not by itself establish probable cause to issue a search warrant." However, McClelland recognizes that the *Olson* case stands alone, and that the vast majority of cases support the conclusion that either the smell of growing marijuana or the odor of burning marijuana will support the issuance of a search warrant. The cases that support the issuance of a warrant under such circumstances are collected in 2 Wayne R. LaFave, *Search and Seizure* § 3.6(b), at 290–91 (3d ed. 1996). LaFave begins his discussion with the leading case of *Johnson v. United States*, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948). In *Johnson*, a police officer smelled the "strong odor of burning opium." The court stated that probable cause may be established by smell. It held that it could not

> sustain defendant's contention ... that odors cannot be evidence sufficient to constitute probable grounds for any search.... If the presence of odors is testified to before a magistrate and he finds the affiant qualified to know the odor, and it is one sufficiently distinctive to identify a forbidden substance, this Court has

never held such a basis insufficient to justify issuance of a search warrant. Indeed it might very well be found to be evidence of the most persuasive character.

Professor LaFave continues:

> Most of the recent cases have dealt with marijuana. It appears to be generally accepted that the smell of marijuana in its raw form or when burning is sufficiently distinctive to come within the rule of the *Johnson* case. Consequently, the courts have found probable cause to search when the distinctive odor of marijuana is found emanating from a particular place and have likewise found probable cause to arrest when the odor was detected coming from a particular person.

LaFave, *supra* (footnotes omitted).

Prior Alaska cases have recognized the probative value of testimony from law enforcement officers that they detected the odor of marijuana. In *Daygee v. State*, 514 P.2d 1159, 1163 (Alaska 1973), the court found that a police officer "who had extensive training in detecting marijuana" could use the facts that "he recognized the smell of marijuana burning and the substance in a bag looked like marijuana, which he had seen previously" to provide the officer with probable cause to arrest and seize the evidence pursuant to an arrest. In *Landers v. State*, 809 P.2d 424, 427 (Alaska App.1991), we found that "the police had sufficient information to obtain a warrant based upon their testimony that they smelled an overpowering odor of growing marijuana when they entered the residence, and based upon the statements which the police testified that [an occupant] made to them."

In the present case, two police officers testified that they smelled the odor of marijuana coming from McClelland's residence. Both officers testified that they were familiar with the odor of growing marijuana and could identify that odor. In addition to the testimony that they had smelled marijuana at McClelland's residence, the officers also presented testimony concerning McClelland's high electrical usage [1] and the fact that Jones

---

1. In *Carter v. State*, 910 P.2d 619, 626 (Alaska App.1996), we stated:

was in possession of marijuana in her vehicle. We therefore conclude that Judge Cutler did not err by denying McClelland's motion to suppress. We conclude that Magistrate Zwink's decision to issue the search warrant was not an abuse of discretion.

AFFIRMED.

For this reason, courts in other jurisdictions have tended to find evidence of unusual electrical consumption to be significant to the overall determination of probable cause only if other solid facts have been presented to the issuing magistrate to indicate that criminal activity is afoot or to eliminate legitimate explanations for the unusual consumption. Absent solid facts indicating criminality or nonlegitimate consumption, courts have concluded that electrical records showing unusual consumption— even when combined with conclusory anony-mous tips of drug-related activity—are insufficient to establish probable cause.
(Footnotes omitted.)

In the present case, the decisive factor establishing probable cause was the officers' testimony that they smelled the odor of marijuana. McClelland's high electrical consumption merely corroborated the officers' testimony that they smelled marijuana. The troopers' testimony that they smelled marijuana constituted "solid facts [indicating] that criminal activity is afoot."