Benjamin LUSTIG, Appellant,

v.

STATE of Alaska, Appellee.

No. A–7756.

Court of Appeals of Alaska.

Nov. 23, 2001.

Rehearing Denied Dec. 28, 2001.

Phillip Weidner, Weidner & Associates, Inc., Anchorage, for Appellant.

Kevin F. Burke, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

STEWART, Judge.

The police served a search warrant on Benjamin Lustig's property in Wasilla and seized marijuana and other evidence that led to Lustig's indictment on three counts of fourth-degree misconduct involving a controlled substance.[1] Lustig moved to suppress the evidence seized when the warrant was executed, but the superior court denied the motion. Lustig pleaded no contest to one count of fourth-degree misconduct involving a controlled substance[2] while preserving his right to appeal the denial of the suppression motion.[3] We affirm Lustig's conviction because we conclude the search warrant was supported by probable cause.

*Facts and proceedings*

At about 4:00 a.m. on January 6, 1999, Alaska State Trooper Kyle Young smelled

1. AS 11.71.040(a)(2), (a)(3)(F), and (a)(5).

2. AS 11.71.040(a)(3)(F) (Lustig knowingly possessed one pound or more of marijuana).

3. *See Cooksey v. State,* 524 P.2d 1251, 1255–57 (Alaska 1974).

growing marijuana on Pittman·Road in Wasilla. Young identified one residence as the source of the odor after ruling out other structures in the vicinity as the source of the smell. The suspect residence was a single story structure of about 1200 square feet. Young located the utility pole that served the residence and contacted the Matanuska Electric Association (MEA).

The MEA told Young that Lustig was the customer at the residence. The MEA also told Young that Lustig's daily electrical use averaged 80 kilowatt hours (KWH) for December, 60 KWH for November, 73 KWH for October, and 70 KWH for September.

Later that same day, Young included this information in an affidavit in support of a search warrant application along with information about the average electrical consumption at his own residence—a single family dwelling of about 1400 square feet with electric heat and many electric appliances including two freezers, a refrigerator, a washer and dryer, a dishwasher, a television, an electric stove, a microwave oven, a video cassette recorder, and a computer. Young stated his household electric consumption averaged 30 to 36 KWH per day. The magistrate issued the search warrant.

Troopers served the warrant five days later. The troopers found twenty-five grams of processed marijuana, marijuana stems, and two gallon-sized plastic bags containing slightly more than one pound of dried marijuana buds. They also found a trap door under a mattress that led to an underground concrete room. In the underground room, they found five 1000 watt halide lights suspended from the ceiling on wires which allowed the lights to be raised and lowered. They also found electric timers, marijuana leaves, a humidifier, approximately one hundred used black plastic pots, used bamboo stakes, fans, and a system of twelve inch ventilation ducts that vented under a pile of pallets under the snow in the back yard. In a separate shop building, the troopers found ten large plastic garbage bags containing marijuana growing debris.

Lustig argued that the search warrant was not supported by probable cause. Superior Court Judge Eric Smith rejected all of Lustig's claims in a written decision.

*Was the search warrant supported by probable cause?*

■ Lustig contends the magistrate could not rely on Young's assertion that he had smelled growing marijuana. Lustig claims Young did not supply sufficient detail about where he was when he smelled growing marijuana, what was the prevailing wind, or how he concluded Lustig's residence was the source of the odor to the exclusion of other structures in the area. But Young's affidavit identified Lustig's residence as the source of the marijuana odor and stated that he excluded other nearby structures as the source of the odor. Although Lustig identifies several questions a magistrate could properly put to Young, such as how close Young was to Lustig's residence when he smelled marijuana, the magistrate was not compelled to ask the affiant additional questions if the affidavit provided probable cause to believe evidence of a crime would be found in Lustig's residence.

In *McClelland v. State,*[4] we recognized that the weight of authority accepts the testimony of an observer familiar with the smell of growing marijuana or the odor of burning marijuana to support probable cause to believe growing or burning marijuana is present.[5] In that case, we upheld a search warrant based, in part, on the statements of two police officers that they smelled growing marijuana in McClelland's residence.[6] And in *Landers v. State,*[7] we upheld a search warrant based on the statements of two officers that they smelled the odor of growing marijuana in a residence and the admission of an occupant that there was marijuana in the residence.[8]

---

4.  928 P.2d 1224 (Alaska App.1996).

5.  *See id.* at 1226.

6.  *See id.*

7.  809 P.2d 424 (Alaska App.1991).

8.  *See id.* at 426–27.

Lustig argues that his case can be distinguished because only one police officer, Trooper Young, smelled growing marijuana. But Lustig has provided no authority for the proposition that the State must present the observations of more than one officer to establish probable cause.

Lustig also argues that the information Young supplied about the electric consumption was not indicative of criminality nor did it rule out legitimate use.[9] But Young's perception of the odor of growing marijuana provided reason to believe criminal activity was occurring in Lustig's residence, and the relatively high electrical consumption described in the affidavit tended to corroborate Young's perception of the odor of growing marijuana.

■ "Probable cause to issue a search warrant exists when 'reliable information is set forth in sufficient detail to warrant a reasonably prudent [person] in believing that a crime has been or was being committed.' "[10] Young's affidavit stated that he was experienced in recognizing the smell of growing marijuana and, based on his sense of smell, had discovered other locations where marijuana was cultivated. Young stated that he smelled growing marijuana on Pittman Road, ruled out other structures as the source of the odor, and identified Lustig's residence as the source. Young learned from MEA that Lustig's electrical use was high compared to his own electrical use in a larger home which had electric heat. From our review of the record, we conclude the search warrant was supported by probable cause.

*Conclusion*

The judgment of the superior court is AFFIRMED.

---

**9.** *See Carter v. State,* 910 P.2d 619, 626 (Alaska App.1996).

**10.** *Van Buren v. State,* 823 P.2d 1258, 1261 (Alaska App.1992) (quoting *Harrelson v. State,* 516 P.2d 390, 396 (Alaska 1973)).