NOTICE

*The text of this opinion can be corrected before the opinion is published in the* <u>*Pacific Reporter*</u>. *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.gov*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

JONATHAN W. MCGRAW,

Appellant,

v.

STATE OF ALASKA,

Appellee.

Court of Appeals No. A-13566
Trial Court No. 1PW-18-00082 CR

O P I N I O N

No. 2726 — June 24, 2022

Appeal from the Superior Court, First Judicial District, Prince of Wales, M. Jude Pate, Judge.

Appearances: Marjorie A. Mock, Attorney at Law, under contract with the Public Defender Agency, and Samantha Cherot, Public Defender, Anchorage, for the Appellant. Seneca Theno Freitag, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Treg R. Taylor, Attorney General, Juneau, for the Appellee.

Before: Allard, Chief Judge, and Wollenberg and Harbison, Judges.

Judge WOLLENBERG.

Jonathan W. McGraw was convicted of second-degree misconduct involving a controlled substance for possessing methamphetamine with intent to deliver.[1] On appeal, McGraw argues that the superior court erred in denying his motion to suppress the methamphetamine discovered in a trailer on his property. For the reasons explained in this decision, we agree with McGraw, and we therefore reverse McGraw's conviction.

*Background facts*

In April 2018, Jonathan McGraw was living in Naukati, a remote community on Prince of Wales Island, and he was on felony probation for prior drug convictions involving marijuana. One of McGraw's probation conditions authorized a warrantless search of his property if the search was directed by a probation officer and supported by "reasonable suspicion of possession, use, or distribution" of marijuana or alcohol:

> [Y]ou shall submit to a search at the direction of a probation officer at any time, with or without a warrant, and by any law enforcement officer or probation officer, of the defendant's person and property, residence, a vehicle in which you may be found or owned by you, for marijuana or alcohol upon reasonable suspicion of possession, use, or distribution of those substances. And the order may also be given by any probation officer in the lawful discharge of the officer's supervising functions.

McGraw's probation officer, Erica Johnson, monitored McGraw primarily over the phone because of the remoteness of his location. She knew that McGraw had undergone a substance abuse evaluation, and that the evaluation had recommended

---

[1]   Former AS 11.71.030(a)(1)(C) (2018).

treatment that McGraw had not yet obtained. But according to her later testimony at the evidentiary hearing on McGraw's motion to suppress, she did not have any "large suspicion" that he was using alcohol or marijuana.

On April 18, Investigator Larry Dur'an, with the Alaska State Troopers, sent an email to Johnson, stating: "I received a tip today that Jonathan McGraw was seen at a local dealers [*sic*] home on [Prince of Wales] who sells meth and heroin. The person suspects that John is using." The email did not disclose the identity of the tipster, and there is no indication in the record that Johnson asked for additional information. In response, Johnson sent a form request to the troopers stationed on Prince of Wales Island, asking them to search McGraw's residence for "drugs, drug paraphernalia, alcohol, [and] weapons."

Three days later, two troopers arrived at McGraw's residence. The troopers later testified that McGraw was "agitated" and "profusely sweating" when they encountered him on the front step of his home, even though it was not warm outside. McGraw's behavior gave one of the troopers "some" suspicion that McGraw was under the influence of a stimulant. The troopers searched McGraw's residence, vehicles, and two trailers on his property (one of which was locked), and they discovered drug paraphernalia and several baggies of methamphetamine. McGraw was arrested and charged with second-degree misconduct involving a controlled substance (possessing methamphetamine with intent to deliver).

Prior to trial, McGraw filed a motion to suppress the evidence seized during the troopers' search of his home. McGraw acknowledged that his probation conditions authorized his probation officer to order searches of his property based on reasonable suspicion that he was using (or possessed) alcohol or marijuana. He argued, however, that Investigator Dur'an's tip to Probation Officer Johnson was insufficient to establish reasonable suspicion to order the search.

Following an evidentiary hearing, the superior court issued a written order denying McGraw's motion to suppress. The superior court agreed with McGraw that the tip, standing alone, was insufficient to give his probation officer the reasonable suspicion necessary to order the search. But the court concluded that the tip, combined with the troopers' on-scene observations that McGraw appeared sweaty and agitated and the probation officer's knowledge of McGraw's prior drug use and the fact that he had not yet completed substance abuse treatment, was sufficient to establish reasonable suspicion. The court further concluded that the information known to McGraw's probation officer could be imputed to the troopers and that the troopers therefore had reasonable suspicion to conduct the search.

A jury subsequently found McGraw guilty of second-degree misconduct involving a controlled substance.

*Why we conclude that the superior court erred in declining to suppress evidence discovered during the search of McGraw's residence*

On appeal, McGraw renews his contention that there was no legal justification for the search of his property.

The Fourth Amendment to the United States Constitution and Article I, Section 14 of the Alaska Constitution prohibit unreasonable searches and seizures, including searches and seizures inside a home.[2] "Under the Alaska Constitution, 'a search without a warrant is *per se* unreasonable unless it clearly falls within one of the narrowly defined exceptions to the warrant requirement.'"[3] The State bears the burden

---

[2] *See, e.g.*, *Kelley v. State*, 347 P.3d 1012, 1013 (Alaska App. 2015).

[3] *State v. Gibson*, 267 P.3d 645, 650-51 (Alaska 2012) (quoting *Schultz v. State*, 593 P.2d 640, 642 (Alaska 1979)).

of establishing that a warrantless search was permissible under an exception to the warrant requirement.[4]

The State argued in the superior court, and maintains on appeal, that the warrantless search of McGraw's residence was authorized by his probation conditions. We have previously recognized probation searches as an exception to the warrant requirement, but only if certain conditions are met: (1) "the search has been authorized by the conditions of probation or release"; (2) "the search is conducted by or at the direction of probation authorities"; and (3) "the search bears a direct relationship to the nature of the crime for which the probationer was convicted."[5] As we explained above, McGraw's probation conditions only permitted searches directed by a probation officer based on "reasonable suspicion of possession, use, or distribution of [marijuana or alcohol]."

The superior court found, and the State concedes, that McGraw's probation officer did not possess reasonable suspicion at the time she directed the troopers to search McGraw's property. The State nonetheless contends that the troopers' independent observations on the scene, when combined with the information known to the probation officer, yielded reasonable suspicion.

But we may not consider the troopers' observations, which were unknown to the probation officer at the time she ordered the search. For a search to fall within the probation search exception to the warrant requirement, the search must be directed by a probation officer.[6] When a search is permitted solely at the authorization of a specific

---

[4] *Jarnig v. State*, 309 P.3d 1270, 1274 (Alaska App. 2013).

[5] *Chandler v. State*, 487 P.3d 616, 625 (Alaska App. 2021) (quoting *Milton v. State*, 879 P.2d 1031, 1034 (Alaska App. 1994)).

[6] *See, e.g.*, *Chandler*, 487 P.3d at 625; *Milton*, 879 P.2d at 1034.

entity (often a judge, but here, a probation officer), we may only consider — when evaluating the validity of the authorization — information brought to that entity's attention at the time of the authorization.[7] We do not examine facts unknown to the authority, or events that occurred after authorization was granted.[8]

Under these principles, even if we assumed that the information discovered by the troopers on the scene — when combined with the additional information known to the probation officer — would have been sufficient to establish reasonable suspicion (a conclusion we question), the addition of that information would not rehabilitate the probation officer's prior invalid order to search. And the troopers themselves had no authority to search McGraw's residence based only on reasonable suspicion. The State has therefore failed to establish a valid exception to the warrant requirement. The evidence obtained through the search should have been suppressed.

---

[7] *See Whiteley v. Warden, Wyo. State Penitentiary*, 401 U.S. 560, 565 n.8 (1971) ("[A]n otherwise insufficient affidavit cannot be rehabilitated by testimony concerning information possessed by the affiant when he sought the warrant but not disclosed to the issuing magistrate."); *McClelland v. State*, 928 P.2d 1224, 1225 (Alaska App. 1996) (recognizing that, in determining the validity of a search warrant, a reviewing court may consider only information brought to the attention of the issuing magistrate); *see also* 2 Wayne R. LaFave, *Search and Seizure*, § 4.3(a), at 639-40 (5th ed. 2012) (explaining that a defective search warrant affidavit cannot be resuscitated on the basis of other information known to the affiant but not disclosed to the magistrate tasked with issuing the warrant).

[8] *Cf. Adepoju v. State*, 2014 WL 819326, at *2-3 (Alaska App. Feb. 26, 2014) (unpublished) (upholding search of probationer and his vehicle for drugs, where search was authorized by probation officer after police twice called probation officer to alert her that probationer was observed in area known for drug-related activity and had committed traffic violation); *Bostwick v. State*, 2010 WL 668947, at *3-4 (Alaska App. Feb. 24, 2010) (unpublished) (upholding search of defendant's van authorized by probation officer after police officer called probation officer during traffic stop and relayed information that, after stopping defendant's van for a traffic violation, he smelled alcohol on defendant's breath).

*Conclusion*

The judgment of the superior court is REVERSED.